```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

JOSEPH P. SCHMITT, pro se,        )
                                  )
        Plaintiff,                )
                                  )
        v.                        )    C.A. No. 05-10572-PBS
                                  )
CHRISTOPHER P. LOCONTO, ESQ.,     )
                                  )
        Defendant.                )
```

For the reasons stated below, the Court orders that this action be dismissed.

## BACKGROUND

On February 16, 2005, plaintiff Joseph P. Schmitt, who is in custody at the Massachusetts Treatment Center in Bridgewater, filed a lawsuit in which he alleges that his attorney, defendant Christopher LoConto, violated the Massachusetts Rules of Professional conduct by retaining some of Schmitt's personal property (family photos) and money ($30.00) that Schmitt had entrusted to his attorney's care. Schmitt represents that the Committee for Public Counsel Service appointed Attorney LoConto, whose office is in Worcester, Massachusetts, to represent Schmitt in proceedings under M.G.L. ch. 123A.

## DISCUSSION

Federal district courts have subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United states." 28 U.S.C. § 1331. They also have jurisdiction over all civil actions where the matter in controversy is greater than $75,000 and the action is between

parties of diverse citizenship.  28 U.S.C. § 1332(a).  In any lawsuit, "[i]t is black-letter law that a federal court has an obligation to inquire sua sponte into its own subject matter jurisdiction."  McCullock v. Velez, 364 F.3d 1, 5 (1st Cir. 2004).  If a district court discovers that it lacks subject matter jurisdiction, it must dismiss the case.  Fed. R. Civ. P. 12(h)(3).

It is clear from the face of the pleadings that the Court lacks subject matter jurisdiction to entertain Schmitt's claims.  Schmitt purports to bring this action under 42 U.S.C. § 1983, which provides that any "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."  42 U.S.C. § 1983.  Schmitt has failed, however, to allege any facts that would allow the Court to infer that Attorney LoConto acted under the color of state law in regards to LoConto's purported misconduct: "A private attorney who is sued for actions allegedly taken as court-appointed counsel does not act under color of state law."  Malachowski v. City of Keene 787 F.2d 704, 710 (1st Cir. 1986); see also Polk County v. Dodson, 454 U.S. 312, 321-322 (1981) (holding that a public defender does not act

"under color of state law" because he "works under canons of professional responsibility that mandate his exercise of independent judgment on behalf of the client" and because there is an "assumption that counsel will be free of state control"). Thus, section 1983 does not provide Schmitt a right of action against Attorney LoConto.  See, e.g., Cruz-Erazo v. Rivera-Montanez, 212 F.3d 617, 621 (1st Cir. 2000) ("[T]o state a claim under § 1983, a plaintiff must allege ...  that the perpetrator of the violation was acting under color of law."); cf. Yeo v. Town of Lexington, 131 F.3d 241, 248-49 (1st Cir. 1997) ("If there is no state action, then the court may not impose constitutional obligations on (and thus restrict the freedom of) private actors.").

Moreover, Schmitt has not alleged any facts that would allow the Court to infer that he has otherwise stated a cause of action "arising under the Constitution, laws, or treaties of the United states."  28 U.S.C. § 1331.[1]  Likewise, Schmitt has not pled that he and Attorney LoConto are of diverse citizenship or that the

---

[1] Schmitt also purports to bring a claim for declaratory judgment under 28 U.S.C. § 2201.  This statute does not provide an independent basis for subject matter jurisdiction. See Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950) (explaining that the Declaratory Judgment Act "enlarged the range of remedies available in the federal courts but did not extend their jurisdiction"); Local Union No. 12004, United Steelworkers of America v. Massachusetts, 377 F.3d 64, 73 (1st Cir. 2004) ("Though the declaratory judgment device reverses the formal positions of the parties, it does not alter the rules of federal jurisdiction.")

amount in controversy in this action exceeds $75,000.  <u>See</u> 28 U.S.C. § 1332.

## CONCLUSION

Accordingly, the Court dismisses this action for lack of subject matter jurisdiction.  The plaintiff's application to proceed <u>in forma pauperis</u> is denied as moot.

SO ORDERED.

<u>August 8, 2005</u>              <u>/s/ Patti B. Saris</u>
DATE                        UNITED STATES DISTRICT JUDGE